ORDER
This case returns to us on remand from the Supreme Court for further consideration in light of Kimbrough v. United States, — U.S. -, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Cavett v. United States, — U.S. -, 128 S.Ct. 878, 169 L.Ed.2d 718 (2008). The parties have filed statements of position under Circuit Rule 54. Defendant Theodore Cavett has asked for a remand for resentencing. The government argues that Cavett waived the Kimbrough issue by not adequately developing an argument about the sentencing guidelines’ 100:1 crack/powder disparity before the district court or on appeal. As such, the government maintains that no remand is necessary and asks that we affirm Cavett’s sentence.
Cavett mentioned the 100:1 crack/powder ratio twice in his appellate brief: once in his statement of the case and once in his challenge to the reasonableness of the district court’s exercise of Booker discretion. Beyond referring generally to the unfairness of the disparity, however, he did not develop a Kimbrough — type argument on appeal. In the district court, he initially objected to the amount of crack cocaine attributed to him by the Presentence Report (“PSR”), but later reached a compromise with the government on that issue. AVhen asked at sentencing whether he had any other objections to the PSR, his counsel answered: “Just the standard objections to the guidelines as a whole.”
Cavett’s “omnibus” sort of objection in the district court probably limits our review to the plain-error standard, although we have been very forgiving in our consideration of Kimbrough forfeitures; Cavett’s appellate reference to the 100:1 crack/powder disparity might be enough to justify at least a limited remand to determine whether the district court would be inclined to resentence him in light of Kimbrough. See United States v. Bruce, 550 F.3d 668, 673-76 (7th Cir.2008) (discussing whether the defendant adequately raised the Kimbrough issue in the district court and on appeal and describing our circuit’s treatment of preserved, forfeited, and waived Kimbrough arguments); United States v. Padilla, 520 F.3d 766, 774 (7th Cir.2008) (defendant’s “oblique” reference to the crack/powder issue in the district court sufficient for full remand for resentencing in light of Kimbrough)-, United States v. Taylor, 520 F.3d 746, 747 (7th Cir.2008) (establishing limited remand procedure for plain-error Kimbrough cases); United States v. Thomas, 520 F.3d 729, 737 (7th Cir.2008) (defendant’s failure to advance an argument about the 100:1 crack/powder ratio in the district court or on appeal is a waiver of Kimbrough issue).
*460 But there is a separate reason Cavett is not entitled to either a full remand for resentencing or a limited remand under Taylor. Cavett’s base offense level of 37 was based on his status as a career offender, see U.S.S.G. § 4B1.1, not the quantity of crack cocaine attributed to him. We have held that “a sentence entered under the career offender guideline, § 4B1.1, raises no Kimbrough problem because to the extent it treats crack cocaine differently from powder cocaine, the disparity arises from a statute, not from the advisory guidelines.” United States v. Harris, 536 F.3d 798, 812-13 (7th Cir.2008); see also United States v. Liddell, 543 F.3d 877, 883-85 (7th Cir.2008). Accordingly, Cavett’s sentence is AFFIRMED.